FILED - GR
September 2, 2025 3:52 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW  SCANNED BY: JJ / 9-3

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

JOSEPH JAMES COOPER,
Plaintiff,

**1:25-cv-1043**
Hala Y. Jarbou - Chief U.S. District Judge

v.

DEPUTY TYLER MIDYETT, in his individual and official capacity,
and
EMMET COUNTY SHERIFF'S OFFICE,
Defendants.

Case No. _____
Hon. _____

# COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983) AND STATE LAW CLAIMS

## I. JURISDICTION AND VENUE

This is a civil action brought under 42 U.S.C. § 1983 to redress the deprivation of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution.

This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3).

This Court has supplemental jurisdiction over Plaintiff's related state-law claims under 28 U.S.C. § 1367.

Venue is proper in this Court under 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in Emmet County, Michigan, which is within the Western District of Michigan.

## II. PARTIES

Plaintiff Joseph James Cooper is a resident of Emmet County, Michigan.

Defendant Deputy Tyler Midyett is a sworn deputy with the Emmet County Sheriff's Office, sued in his individual capacity for damages and official capacity for declaratory and injunctive relief.

Defendant Emmet County Sheriff's Office is a law enforcement agency operating under the authority of the County of Emmet, responsible for policies, training, supervision, and accountability of its deputies.

## III. FACTUAL ALLEGATIONS

On or about December 4, 2024, Defendant Midyett and other deputies seized Plaintiff's wallet from a vehicle rented and driven by Allison Baker, who was arrested on unrelated narcotics charges.

Plaintiff was not present in the vehicle. The wallet contained Plaintiff's Michigan identification and approximately $1,800–$1,900 in U.S. currency.

Defendants failed to prepare a required inventory sheet or receipt for the seized property, in violation of MCL 780.655 and Plaintiff's constitutional rights.

Plaintiff repeatedly requested the return of his wallet, but Defendant Midyett refused to return it.

More than four months later, on March 21, 2025, Plaintiff was served with forfeiture papers that falsely claimed only $892.00 was seized.

The discrepancy of nearly $1,000 was never explained, and Defendants have failed to account for the full amount of cash taken.

Plaintiff timely filed a claim objecting to the forfeiture.

On June 26, 2025, the Emmet County Prosecutor's Office formally abandoned forfeiture proceedings, admitting they could not prove ownership or a drug nexus.

Despite this, Defendants have unlawfully continued to retain Plaintiff's money or failed to return the full amount seized.

Defendant Midyett has been repeatedly involved in Plaintiff's unrelated criminal cases, including attempting to introduce the seizure of Plaintiff's wallet and disputed cash as "other acts" evidence to prejudice jurors against him.

Defendants' actions were deliberate, reckless, and taken under color of state law, depriving Plaintiff of constitutional rights and causing monetary loss, emotional distress, and reputational harm.

## IV. CLAIMS FOR RELIEF

COUNT I – Unlawful Seizure (Fourth Amendment, 42 U.S.C. § 1983): Defendants unlawfully seized Plaintiff's wallet and money without probable cause, violating the Fourth Amendment.

COUNT II – Deprivation of Property Without Due Process (Fourteenth Amendment, 42 U.S.C. § 1983): Defendants' failure to provide timely notice, inventory, or return of property deprived Plaintiff of property without due process of law.

COUNT III – Municipal Liability (Monell Claim): The Emmet County Sheriff's Office, through policies and customs of inadequate training and supervision, permitted unlawful seizures, failures to inventory, and unconstitutional forfeiture practices, rendering the County liable under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978).

COUNT IV – Conversion (Michigan Common Law): Defendants wrongfully retained and exercised control over Plaintiff's money, constituting conversion.

COUNT V – Gross Negligence (Michigan Law): Defendant Midyett's grossly negligent actions were the proximate cause of Plaintiff's damages, defeating governmental immunity.

## V. JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in his favor and against Defendants, and award:

A. Compensatory damages in the amount of at least $50,000 for lost funds, economic harm, and emotional distress;

B. Punitive damages against Defendant Midyett in his individual capacity for reckless and malicious conduct;

C. Return of Plaintiff's full seized funds in the amount of $1,800–$1,900, or proof of accounting;

D. Declaratory and injunctive relief requiring the Emmet County Sheriff's Office to implement proper inventory and forfeiture procedures;

E. Costs and attorneys' fees pursuant to 42 U.S.C. § 1988;

F. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: August 22, 2025

Joseph James Cooper
Joseph James Cooper, In Pro Per
[Your Address] C/o Emmet County Jail
[City, State, Zip] 450 Bay St.
[Phone Number] Petoskey, MI 49770

Joseph Cooper
C/o Sue Roberson
4931 Rosada St.
Petoskey, MI 49770
(231) 321-1651

**PRIORITY MAIL**
**FLAT RATE ENVELOPE**
**POSTAGE REQUIRED**

US POSTAGE IMI 910150825210131    2000392941
$19.12
SSK
PM



08/25/25    Mailed from 49770    028W2311275

# PRIORITY MAIL®

8.72 oz

JOSEPH J COOPER
C/O EMMET COUNTY JAIL
450 BAY ST
PETOSKEY MI 49770

**RDC 03**

RETURN RECEIPT REQUESTED
EXPECTED DELIVERY DAY: 08/29/25

SHIP TO:



CLERK OF C COURT
WESTERN DISTRICT OF MI
110 MICHIGAN ST NW
GRAND RAPIDS MI 49503

**USPS CERTIFIED MAIL®**



9502 6067 1056 5237 4199 07

